CHARLES SINGER AND PAUL B. MOOS, RELATORS, v. CHARLES F. JUECHTER, WALTER B. WALSH, HENRY ERXMEYER, CONRAD F. KEIM, JOHN J. WADE, PHILIP GEIST, WILLIAM BIMER, WILLIAM RANNENBERG, JOHN J. BOLT; EDWARD MEYER, FRANK GERLACH, PHILIP J. REINER, LOUIS HAGEL AND BERNARD HUFNAGEL, RESPONDENTS.

Decided July 22, 1924.

**Mandamus—Rule Granted But Not Entered on Minutes—Mandamus Issued—Motion to Quash—Rule of Court Relating to Entry of Rules—Purpose to do Justice—Counsel Had Reason to Believe Rule Had Been Entered—Ordered that Rule be Entered Nunc Pro Tunc.**

On rule to show cause why the peremptory writ of *mandamus* should not be quashed.

Before Justices KALISCH, BLACK and CAMPBELL.

For the applicants, *McCarter & English.*

For the respondents, *Emil Walscheid.*

PER CURIAM.

A rule to show cause was made returnable before this court at the May term, 1924, why a peremptory writ of *mandamus* should not be allowed. On May 7th, argument was heard on the rule, and on the 8th or 9th day of May, in a *per curiam* opinion, the rule was made absolute, and a peremptory writ of *mandamus* was granted. It appears that the court's order was not entered in the minutes. It is a conceded fact that without the order having been entered in the minutes, on the 12th day of May, 1924, a writ of *mandamus* was issued out of this court.

It further appears that the rule to show cause why a peremptory *mandamus* should not be granted, and was subse-

quently argued on May 7th, as already stated, had been granted by a single justice, but was not entered in the minutes of the court. So, that the matter as appearing before us is, that neither the rule granted by the justice nor the rule granted in open court had been entered in the minutes of the court at the time of the issuance of the writ of *mandamus,* nor has there been any entry of the rules since then. Because of this posture of affairs, counsel of respondents moves to quash the writ on the ground that under rule 214 of the Supreme Court, both orders by reason of their not having been entered in the minutes of the court as required by the rule became void and of no effect, and, therefore, the issuance of the peremptory writ was without warrant of law.

Rule 214, under the new Practice act, which was rule 40 of rules of 1905, provides: "Every rule taken in open court or allowed by a justice shall be entered in the minutes of the court and shall take effect only from the time of such entry, and the true date of such entry shall be stated at the foot of such rule, provided, however, that the justice allowing such rules may nevertheless order in the said rule that the same shall take effect forthwith, in which case such rule shall take effect from the time of signing the same; and all rules, whether granted by the court or a justice, shall be entered in the minutes within ten days from the granting of the same, and in default thereof shall be of no effect."

The operation of this rule and the effect to be given to it was considered and determined by the Supreme Court, in *Jersey City* v. *Davis,* 80 *N. J. L.* 609. It was there held, "under Supreme Court rule 40, any rule granted by this court or a judge thereof, if not entered in the minutes within ten days thereafter, is a nullity." And it was further held, then, when a rule is made to show cause why a peremptory or alternative writ of *mandamus* should not issue, and on argument of the rule a writ is awarded, such writ cannot issue until further rule to that effect has been entered in the minutes. The writ in that case was quashed. Counsel for respondents relies on that case as dispositive of the right of

the respondents to have the writ of *mandamus* quashed in the present case.

It is to be observed that the case relied on was decided at the November term, 1910, and that the court rested its decision on the rules of this court as adopted in 1905. But in 1912, on the adoption of the new Practice act, certain rules were originated and adopted in order to facilitate the proper and uniform operation of the act, among which rules we find rule No. 5, which provides as follows: "These rules shall be considered as general rules for the government of the court and the conducting of causes, and, as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work surprise or injustice." This rule was copied from rule 41 of the Court of Errors and Appeals. Under the revisions of the rules of 1913, rule 40 of the rules of 1905 became rule 214, and rule 5 of the new Practice act become rule 218.

In order to preserve the efficacy of rule 214, it should be strictly enforced. To warrant its suspension it must convincingly appear that an adherence to its enforcement will work surprise or injustice.

In the instant case it appears that the rules were drawn and filed by counsel of relators with the clerk of the court in ample time for the latter to enter them in the minutes of the court within the time required by law, but by some oversight he failed to do so. Counsel of the relators had good reason to believe that the orders which he had obtained and delivered to the clerk had been actually entered in the minutes.

It can, therefore, be safely said that counsel of relators was not only overtaken by surprise, in which event the relators would be entitled to relief under rule 218, but, also, grave injustice would be done them if they were compelled to start the proceedings anew, which would be the case if the writ were quashed.

At the hearing of the motion to quash, counsel of relators moved for leave to enter the orders heretofore granted by the justice and this court, *nunc pro tunc.*

We have reached the result that the rule to show cause why the peremptory writ of *mandamus* should not be quashed should and is hereby discharged, and that the orders, heretofore made, namely, the rule to show cause, allowed by the justice, and the order made by this court discharging the rule to show cause and granting the peremptory writ of *mandamus* may be entered in the minutes of the court *nunc pro tunc.*